IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TURNER CONSTRUCTION CO.,

    Plaintiff,

v.                                      Civil Action No. 1:15CV83
                                                (STAMP)

TIG INSURANCE COMPANY,
successor by merger to
AMERICAN SAFETY CASUALTY
INSURANCE COMPANY,

    Defendant,

and

UNITED STATES f/u/b/o
DESIGNER'S SPECIALTY CABINET CO.,
d/b/a DESIGNER'S SPECIALTY MILLWORK,

    Intervenor-Plaintiff,

v.

TURNER CONSTRUCTION CO.,
TRAVELERS SURETY & CASUALTY
CO. OF AMERICA,
FEDERAL INSURANCE CO.,
THE CONTINENTAL INSURANCE CO.,
FIDELITY & DEPOSIT CO. OF MD,
ZURICH NORTH AMERICAN INSURANCE CO.,
LIBERTY MUTUAL INSURANCE CO. and
ZURICH AMERICAN INSURANCE CO.,

    Intervenor-Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S DISCOVERY ORDER,
OVERRULING INTERVENOR-PLAINTIFF'S
OBJECTIONS AND
DENYING WITHOUT PREJUDICE ADDITIONAL
RELIEF REQUESTED BY INTERVENOR-PLAINTIFF**

I.  Procedural History

This is a Miller Act, 40 U.S.C. §§ 3131-3133, case in which the plaintiff, Turner Construction Co. ("Turner"), seeks payment from the intervenor-plaintiff's surety, and the intervenor-plaintiff, Designer's Specialty Cabinet Co. doing business as Designer's Specialty Millwork ("DSM"), seeks payment from Turner's sureties.  The parties have had several discovery disputes throughout these proceedings.  This Court referred all non-dispositive matters, except motions in limine, to United States Magistrate Judge Michael John Aloi.

DSM has filed several motions to compel discovery responses from Turner.  Of relevance here, DSM sought to compel responses to its Document Request No. 8 seeking

> [d]ocuments and communications . . . related to and evidencing Turner's requests to DSM to submit, resubmit, alter, amend/revise, change or clarify DSM's claims under the 256.1 and 301.  This request includes, but is not limited to, all communications . . . to/from or including DSM or its surety during the period April-July 2015. This request includes internal memoranda that led to requests to DSM, documents related to any analysis that resulted in Turner's requests and directions to DSM in May through July 2015 and documents referring to or evidencing telephonic communications with DSM in the period May through July 2015.

ECF No. 207 at 4.  Turner objected to this document request arguing that it seeks material protected by attorney-client privilege and that it would be "unnecessary and unduly burdensome for Turner to have to search for any such documents and/or to prepare and produce a privilege log to list any such documents."  ECF No. 207 at 4.

Magistrate Judge Aloi previously entered several orders dealing with DSM's motion to compel. As to DSM's Document Request No. 8, Magistrate Judge Aloi specifically directed Turner to "review its records and produce additional records, including internal emails relating to this request by August 29, 2016." ECF No. 172 at 2. On September 14, 2016, Magistrate Judge Aloi entered an order granting DSM's motion to compel based on representations that "the disputed issues were resolved by negotiation or court orders." ECF No. 193.

DSM then filed timely objections to the magistrate judge's order. Turner filed a response in opposition to those objections. DSM then filed a reply in which it notes that Turner has now filed a privilege log regarding its response to a separate document request that seems to also contain material responsive to Document Request No. 8. DSM suggests that its objections may be moot, but requests that this Court order Turner to either provide a more detailed privilege log or to disclose the material listed in its privilege log.

## II. Applicable Law

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and the "district judge in the case must consider timely objections and

modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Rule 26(b)(5) provides that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). Local Rule of Civil Procedure 26.04(a)(2) requires any party objecting to a discovery request on the grounds that the material sought is privileged must produce a privilege log containing certain information regarding the material claimed to be privileged. Federal Rule of Civil Procedure 29 provides that "[u]nless the court orders otherwise, the parties may stipulate that . . . procedures governing or limiting discovery be modified." Fed. R. Civ. P. 29(b).

### III. Discussion

First, DSM argues that the magistrate judge committed clear error in not ordering Turner to produce a privilege log regarding Document Request No. 8, and DSM asks this Court to modify the magistrate judge's order to require Turner to produce a privilege log. However, the parties' Rule 26(f) planning meeting report provides that "[t]he parties . . . agree that all discovery

4

requests are to be interpreted so that attorney-client privileged materials are not requested and that the parties are not required to provide a privilege log for communications between client and counsel in response to any discovery requested." ECF No. 38 at 3. Turner and DSM participated in the Rule 26(f) meeting and their counsel signed the meeting report. Id. at 1, 9-10. Under Rule 29(b), this stipulation is effective unless otherwise ordered by the court. Thus, Magistrate Judge Aloi was not required to order Turner to produce a privilege log regarding Document Request No. 8. This Court finds no clear error in the magistrate judge's order.

Second, DSM argues that the privilege log Turner produced on October 21, 2016 regarding Document Request No. 13 contains documents responsive to Document Request No. 8. It further argues that Turner's privilege log does not include sufficient information under Federal Rule of Civil Procedure 26 or Local Rule of Civil Procedure 26.04. DSM requests that this Court find that Turner has waived its privilege claims regarding Document Request No. 8, and that his Court order Turner to produce documents under Document Request No. 8. Alternatively, DSM asks that this Court order Turner to produce a privilege log that complies with Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.04. DSM argues that for the sake of judicial economy this Court, rather than Magistrate Judge Aloi, should decide this issue.

This Court sees no reason to decide this issue at this time. DSM requests this relief for the first time in its reply. Turner has not had an opportunity to respond to DSM's arguments regarding its privilege log, whether documents listed in the privilege log are responsive to Document Request No. 8, whether Turner has waived its claims of privilege to Document Request No. 8, or whether the privilege log is adequate under Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.04. DSM's request for additional relief is, therefore, denied without prejudice.

IV. <u>Conclusion</u>

For the foregoing reasons, the magistrate judge's discovery order (ECF No. 193) is ADOPTED AND AFFIRMED. DSM's objections (ECF No. 207) are OVERRULED, and DSM's request for additional relief (ECF No. 227) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 31, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE